| 22 | 535 |
| 48 | 705 |

### No. 135.—H. S. DAWSON *v.* MORTON & WILLIAMSON.

In an attachment suit there is but one party, the defendant, whose property has been attached, who has the right to give a release bond. Therefore a bond given by the intervenor to have the property released, not being given in pursuance of any law authorizing it, is not a judicial bond, and the sureties thereon are only bound according to the terms and conditions of the bond.

APPEAL from the Tenth District Court, parish of Caddo. *S. L. Taylor,* (attorney at law), Special Judge, *vice* Levisee, J., recused. *Jones & Harris,* for plaintiff and appellee. *Egan, Williamson & Wise* and *Nutt & Leonard,* for defendants and appellants.

WYLY, J. The plaintiff, alleging that the defendants were indebted to him the amount of a note he held, attached, as their property, the steamboat Fannie Thornton.

J. H. McDonald, as the agent of Northrop & Co. of Memphis, Tennessee, intervened, alleging that said firm was the true owner of the boat, and obtained the release thereof on bond. At the trial there was judgment against the defendants recognizing the preference resulting from the attachment; the intervention was not passed on.

It was probably abandoned. After the return of *nulla bona* on the *fieri facias* issued against the defendants, the plaintiff began this proceeding, by rule, against the sureties on the bond of the intervenor given for the release of the boat.

In bar of this proceeding, the sureties on the bond of the intervenor made the following exception, viz : "The defendants, Walsh and Williamson, defendants in rule of plaintiff, further answering, and peremptorily excepting, move the court to dismiss the said rule on the ground the law does not allow such summary proceedings in a case like this, where no judgment has been rendered against their principal, and he has not been put in default by any proceedings against or notice to him. They therefore pray that said rule may be dismissed at plaintiffs' costs."

The question is, what is the character of the bond given by the intervenor in this case? Is it a judicial bond or is it simply a conventional bond?

If it is a conventional bond, the obligation resulting solely from the terms of the convention, the plaintiff can not recover in this case, because the sureties only bound themselves in the bond to satisfy such judgment "to the value of the property attached," as may be rendered against their principal, and no judgment has yet been rendered against him.

If it be a judicial bond, the question is, under what statute was it given? We know of none. Without a law authorizing the release of property under attachment, on the bond of an intervenor, it can not fairly be said that such a bond is a judicial bond, which must be construed with reference to the law in pursuance of which it was given.

A judicial bond is easily distinguished from a purely conventional bond; in the latter, the parties signing it are only bound as they agreed to bind themselves in the instrument; in the former, it is presumed that the parties signing the bond intended to bind themselves as the statute under which it was given provides they shall be bound. In Soldini *v.* Hyams, 15 An. 551, where no amount was mentioned in an administrator's bond, the court held that it being a judicial bond, must be construed with reference to the law authorizing it; and as article 1041 Civil Code fixes the amount of the bond at one-fourth beyond the estimated value of the property comprised in the inventory, the law "implies that the sureties, by signing the bond, intended to bind themselves accordingly."

If no law exists authorizing the bond in this case, how can we say that the sureties before us intended to bind themselves otherwise than they agreed to be bound in the instrument which they signed. It would be absurd to say that they signed it in reference to a law not in existence. How is the rule to be applied in this court, that the effect of

Dawson v. Morton & Williamson.

judicial bonds must be tested by the law directing them to be taken ? See authorities collated in Hennen's Digest, 1023, No. 6.

But it is urged that the right of the intervenor to bond comes under an equitable construction of article 259 Code of Practice, which gives the defendant in attachment the right to have it set aside on giving the bond required by that article, and the decision in Emanuel v. Mann, Beers & Bogart, intervenors, 15 An. 53, is relied on to sustain the position.

In determining the character of the bond we think there is no room for this equitable construction. If it is a judicial bond, it must be authorized by a statute, and we do not think article 259 Code of Practice means anything more than it says. It contains no ambiguity, and the authority to bond, given in precise terms, to the defendant, can not be extended to others. It can not fairly be said that the sureties of the intervenor in this case signed in reference to article 259 Code of Practice, which only authorizes the defendant in attachment to bond. We therefore conclude that the bond before us is not a judicial bond, and that sureties can not be held liable in this proceeding, there being no judgment against their principal, the intervenor, for whom they agreed to be responsible to the value of the property attached.

In Duperier v. Flanders, 20 An. 29, where the question was, whether the law authorized an intervenor to bond property sequestered, this court held that there were but two parties who are entitled to give a release bond, "First, the defendant; and, secondly, the plaintiff, after ten days; this law can not be extended to the intervenor at any time. In case both the defendant and plaintiff neglect to give bond, the property must remain in the possession of the sheriff."

In principle the case is identical with the one before us. If the law authorizing certain parties to bond in sequestrations "can not be extended to the intervenor at any time," should a statute authorizing only the defendants to bond in attachments, be extended to the intervenor in this case.

Our conclusion is that the peremptory exception was well taken.

It is therefore ordered that the judgment appealed from be avoided and annulled, and that this proceeding be dismissed at plaintiff's costs in both courts.